*16-3087-cv*
*Venus Dodson v. JRL Music, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                    *Circuit Judges.*
          VICTOR MARRERO,
                    *District Judge.**

---

VENUS DODSON,

     PLAINTIFF - APPELLANT,

v.                                                      No. 16-3087

JRL MUSIC, INC., GAMBI MUSIC, JR FOURSOME MUSIC,
ESTATE OF JOSEPH ROBINSON, JR., ESTATE OF RHONDO
ROBINSON, UNIVERSAL MUSIC PUBLISHING GROUP,
DBA SONGS OF UNIVERSAL, SUGAR HILL MUSIC,

     DEFENDANTS - APPELLEES,

BROADCAST MUSIC, INC.,

     DEFENDANT.

---

     * Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:        LITA ROSARIO, Lita Rosario, PLLC, Washington, DC.

FOR DEFENDANTS-APPELLEES:        JAMES P. CINQUE, Cinque & Cinque, PC, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of the judgment of the District Court is **DISMISSED**.

Plaintiff-Appellant Venus Dodson appeals the July 11, 2016 judgment of the district court, dismissing her federal copyright claims and state law restitution, accounting, conversion and breach of contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On appeal, the Appellant argues that the district court erred in concluding that her copyright claims arose in 2010 and are barred by a three-year statute of limitations. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.[1]

***

We hold that Dodson's copyright claims are barred by the three-year statute of limitations primarily for the reasons stated in the district court's well-reasoned opinion. *See Dodson v. JRL Music, Inc.*, No. 15-cv-06672 (July 11, 2016) ("District Court Opinion"). Dodson argues that her ownership was initially recognized and only later repudiated, thus the statute of limitations commenced more recently. *See Gary Friedrich Enters., LLC v. Marvel Characters, Inc.,* 716 F.3d 302, 317 (2d Cir. 2013). We disagree. As the district court cogently explained:

> [E]ven if plaintiff's co-ownership was initially recognized and only later repudiated, the complaint describes that plaintiff became aware of the repudiation, as early as 2009, and her knowledge was surely established by the time that she initiated a dispute with BMI in 2010 about its failure to pay her royalties. The complaint states that "[i]n or about August or September 2010, Plaintiff's further

---

[1] Defendants argue that the notice of appeal was untimely under Federal Rule of Appellate Procedure 4(a)(1)(A). Dodson argues that this was a scrivener's error and she intended to file a Rule 60(b) motion for relief from a judgment, which would have extended the time to file a notice of appeal. We thus have jurisdiction over this claim.

investigation at the Copyright office revealed that several of the Dodson Compositions were falsely and erroneously registered with [] the Copyright Office under the name 'Venice Dobson' rather than 'Venus Dodson.'" In September of 20l0 plaintiff alleges that BMI updated the song registrations but failed to pay back royalties …. Thus, as explicitly stated in plaintiff's complaint, she became aware of the Robinson Defendants' repudiation of her ownership interest in 2010.

District Court Opinion at 3-4. Dodson's knowledge was therefore clearly established by the time that she initiated a dispute with Broadcast Music, Inc. ("BMI") in 2010 about its failure to pay her royalties. Accordingly, her copyright claims are time-barred.

By extension, Dodson's state law claims are also untimely. *See Merchant v. Levy*, 92 F.3d 51, 56 (2nd Cir. 1996), *cert denied*, 519 U.S. 1108 (1997) ("[P]laintiffs claiming to be co-authors are time-barred three years after accrual of their claim from seeking a declaration of copyright co-ownership rights and any remedies that would flow from such a declaration.").

## CONCLUSION

For the foregoing reasons and upon independent review of the record, we conclude that Dodson's claims are untimely. Accordingly, we **DISMISS** this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3